

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

January 14, 2004

Raymond Arabasz, Esq.
Arabasz & Morris
25 Central Sq.
Bridgewater, MA 02324

Re:  U.S. v. Elizabeth W. Baker

Dear Mr. Arabasz:

     This letter sets forth the Agreement between the United
States Attorney for the District of Massachusetts ("the U.S.
Attorney") and your client, Elizabeth W. Baker ("Defendant"), in
the above-captioned case.  The Agreement is as follows:

1.   Change of Plea

     At the earliest practicable date but in no event later than
January 29, 2003, Defendant shall waive indictment and plead
guilty to Counts 1-4 of the attached Information in which she is
named.  Defendant expressly and unequivocally admits that she in
fact knowingly, intentionally and willfully committed the crimes
charged in Counts One through Four of the Information, and is in
fact guilty of those offenses.

2.   Penalties

Defendant faces the following maximum penalties:

(a)  Mail Fraud, 18 U.S.C. §1341:

     (i)   Five years imprisonment and a
           $250,000 fine;

     (ii)  Supervised release of three years;

(iii) Restitution; and

(iv) Mandatory special assessment of
     $300.

(b)   Interstate Transportation of Stolen Property, 18
      U.S.C. § 2314:

      (i)   Ten years imprisonment and a
            $250,000 fine;

      (ii)  Supervised release of three years;

      (iii) Restitution; and

      (iv) Mandatory special assessment of $100.

3.   Sentencing Guidelines

The parties agree to take the following position at
sentencing under the United States Sentencing Guidelines:

(a)   The parties stipulate and agree that the November
      1, 2003 Guidelines apply to the offense conduct.

(b)   The parties stipulate and agree that the
      applicable offense guideline is §2B1.1, which has
      a base offense level of 6.

(c)   The parties stipulate and agree that the losses
      caused by the relevant offense conduct set forth
      in counts one through four of the Information is
      between $30,000 and $70,000.

(d)   The parties take no position on the Defendant's
      Criminal History Category.

Based on Defendant's prompt acceptance of personal
responsibility for the offense(s) of conviction in this case, and
information known to the U.S. Attorney at this time, the U.S.
Attorney agrees to recommend that the Court reduce by two levels
Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to
recommend a reduction under U.S.S.G. § 3E1.1 if, at any time
between her execution of this Agreement and sentencing Defendant:

2

   (a)   Fails to admit a complete factual basis for the plea;

   (b)   Fails to truthfully admit her conduct in the offenses of conviction;

   (c)   Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

   (d)   Fails to provide truthful information about her financial status;

   (e)   Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

   (f)   Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

   (g)   Intentionally fails to appear in Court or violates any condition of release;

   (h)   Commits a crime;

   (i)   Transfers any asset protected under any provision of this Agreement; and/or

   (j)   Attempts to withdraw her guilty plea.

Defendant expressly understands that she may not withdraw her plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that she receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4.    Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the District Court:

3

(a)  Imposition of a term of probation of three years accompanied by a 6 month term of home detention as provided in U.S.S.G. §§ 5B1.1(a)(2) and 5C1.1(c)(3), if the Court determines that the total offense level is 10, as is contemplated by the parties;

(b)  Fine of $2,000 unless the court finds pursuant to U.S.S.G. § 5E1.2(e) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c)  Restitution of $47,000; and

(d)  Mandatory special assessment of $400.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5.  <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.  <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

4

Defendant agrees not to transfer, or authorize the transfer of any other asset in which she has an interest without prior express written consent of the U.S. Attorney, except for:

> (1) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $20,000.00;
>
> (2) Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom she owes a legal duty of support, so long as such assets do not exceed $3,000.00 per month; and
>
> (3) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing as a result of the conduct charged in the Indictment are satisfied in full.

Defendant further agrees that, prior to sentencing, she will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7.  Waiver of Rights to Appeal and to Bring Collateral Challenge

Defendant is aware that she has the right to challenge her sentence and guilty plea on direct appeal. Defendant is also aware that she may, in some circumstances, be able to argue that her plea should be set aside, or her sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives her right to appeal or collaterally challenge:

> (1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;
>
> (2) The adoption by the District Court at sentencing of any of the positions found in paragraph 3 which

5

> will be advocated by the U.S. Attorney with regard
> to offense conduct, adjustments and/or criminal
> history under the U.S. Sentencing Guidelines; and

(3) The imposition by the District Court of a sentence
which does not exceed that being recommended by
the U.S. Attorney, as set out in paragraph 4 and,
even if the Court rejects one or more positions
advocated by the U.S. Attorney or Defendant with
regard to the application of the U.S. Sentencing
Guidelines.

Defendant's waiver of rights to appeal and to bring
collateral challenges shall not apply to appeals or challenges
based on new legal principles in First Circuit or Supreme Court
cases decided after the date of this Agreement which are held by
the First Circuit or Supreme Court to have retroactive effect.

Defendant's waiver also shall not extend to an appeal or
collateral challenge based solely on the argument that the
District Court misunderstood the scope of its authority to depart
from the applicable Sentencing Guidelines range, where the
District Court states on the record at sentencing both its desire
to depart and the basis on which it would depart if it had the
legal authority to do so.

This Agreement does not affect the rights or obligations of
the United States as set forth in 18 U.S.C. § 3742(b), and the
U.S. Attorney therefore retains his appeal rights.

8. <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their
respective calculations under the Sentencing Guidelines are not
binding upon the U.S. Probation Office or the sentencing judge.
Within the maximum sentence which Defendant faces under the
applicable law, the sentence to be imposed is within the sole
discretion of the sentencing judge.   Defendant's plea will be
tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B).   Defendant may
not withdraw her plea of guilty regardless of what sentence is
imposed.   Nor may Defendant withdraw her plea because the U.S.
Probation Office or the sentencing judge declines to follow the
Sentencing Guidelines calculations or recommendations of the
parties.   In the event that the sentencing judge declines to
follow the Sentencing Guidelines calculations or recommendations
of the U.S. Attorney, the U.S. Attorney reserves the right to
defend the sentencing judge's calculations and sentence in any
subsequent appeal or collateral challenge.

6

9.    Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning her assets.

10.    Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of her conduct and her plea of guilty to the charges specified in paragraph one of this Agreement.

11.    Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

12.    Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of her pretrial release, or has committed any crime following her execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by her of an obligation under this Agreement shall give rise to grounds for withdrawal of her guilty plea. Defendant understands that, should she breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by her, and any information, materials, documents or objects which may be provided by her to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which she might otherwise have under any statute of limitations or the Speedy Trial Act.

7

13.  Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the
District of Massachusetts, and cannot and does not bind the
Attorney General of the United States or any other federal, state
or local prosecutive authorities.

14.  Complete Agreement

This letter contains the complete and only agreement between
the parties relating to the disposition of this case.  No
promises, representations or agreements have been made other than
those set forth in this letter.  This Agreement supersedes prior
understandings, if any, of the parties, whether written or oral.
This Agreement can be modified or supplemented only in a written
memorandum signed by the parties or on the record in court.

8

If this letter accurately reflects the Agreement between the
U.S. Attorney and Defendant, please have Defendant sign the
Acknowledgment of Agreement below.  Please also sign below as
Witness.  Return the original of this letter to Assistant U.S.
Attorney Jack W. Pirozzolo.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: 

JAMES B. FARMER
Assistant U.S. Attorney
Chief,
Criminal Division

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief,
Criminal Division

JACK W. PIROZZOLO
Assistant U.S. Attorney

9

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Elizabeth W. Baker
Defendant

Date: 1/15/04

I certify that Elizabeth W. Baker has read this Agreement and that we have discussed its meaning. I believe she understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Raymond E. Arabasz, Esq.
Attorney for Defendant

Date: 1/15/04

10