AO 245B      Judgment in a Criminal Case - D. Massachusetts
             Statement of Reasons - Sheet 1

# UNITED STATES DISTRICT COURT
## District of Massachusetts

UNITED STATES OF AMERICA
V.

ELIZABETH W. BAKER

**STATEMENT OF REASONS**

Case Number: 1: 04 CR 10018 - 001 - WGY

Raymond Arabasz
Defendant's Attorney

[X] The court adopts the factual findings and guideline application in the presentence report.

**OR**

[ ] The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

[ ] See Continuation Page

**Guideline Range Determined by the Court:**

| | | | | |
|---|---|---|---|---|
| Total Offense Level: | 12 | | | |
| Criminal History Category: | I | | | |
| Imprisonment Range: | 10 | to | 16 | months |
| Supervised Release Range: | 2 | to | 3 | years |
| Fine Range: | $ $3,000.00 | to | $ $30,000.00 | |

Defendant's Soc. Sec. No.: xxx-xx-7570
Defendant's Date of Birth: 47
Defendant's USM No.: none
Defendant's Residence Address:

06/17/04
Date of Imposition of Judgment

*William G. Young* (signature)
Signature of Judicial Officer

The Honorable William G. Young
Judge, U.S. District Court
Name and Title of Judicial Officer

June 21, 2004
Date

Defendant's Mailing Address:

AO 245B    Judgment in a Criminal Case - D. Massachusetts
Statement of Reasons - Sheet 2

| DEFENDANT: | ELIZABETH W. BAKER | Statement of Reasons - Page __2__ of ____ |
|---|---|---|
| CASE NUMBER: | 1: 04 CR 10018 - 001 - WGY | |

## STATEMENT OF REASONS

[X] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

[ ] Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

[ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

AO 245B   Judgment in a Criminal Case - D. Massachusetts
         Statement of Reasons - Sheet 3

DEFENDANT:    ELIZABETH W. BAKER                    Statement of Reasons - Page __3__ of _____
CASE NUMBER:  1: 04 CR 10018 - 001 - WGY

# STATEMENT OF REASONS

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

## OR

☒ The sentence departs from the guideline range:

　　☐ upon motion of the government, as a result of a defendant's substantial assistance, or

　　☒ for the following specific reason(s):

SEE TRANSCRIPT ATTACHED

☐ See Continuation Page

1

1    THE COURT: Ms. Elizabeth Baker, in consideration
2    of the offenses with which you stand convicted, the
3    information from the United States Attorney, your attorney,
4    the probation office and yourself, this Court sentences you
5    to three years' probation on each count, the term of
6    probation on each count to run concurrent one with the
7    other. The first six months of your probation are to be
8    served in home detention. It is not required that you wear
9    an electronic bracelet during home detention, but you are
10    strictly to comply with the provisions of home detention.
11        You are permitted to leave your home for the
12    following reasons: To work, to shop for necessaries for
13    your home, to attend any religious services, to attend to
14    any medical needs for yourself. But for six months, for no
15    other reason are you to leave your home.
16        I'll set a curfew of seven o'clock and delegate to
17    the probation officer a reasonable time when you're to
18    leave for work in the morning. Other than that you're to
19    be in your home.
20        There is no fine given what I take is an inability
21    to pay a fine. There's a special assessment of $400. I am
22    going to impose restitution in the amount of $86,198.
23    However, you are authorized to, but the burden is on you,
24    to offset against that restitution recommendation sums, so
25    long as there is an adequate accounting, sums which in fact

2

1   you have paid over to the victim.
2           Now, let me explain that sentence. I have to back
3   up a moment and do the sentencing guidelines, but we'll get
4   to the important matters and the important matters are the
5   human matters.
6           This doesn't wipe out all the good that you've
7   done in your life. You have a family, at least one
8   grandchild. I've read this presentence report with great
9   care. It hasn't wiped out all the good you've done in your
10  life.
11          But don't, don't confuse yourself with words like
12  I got caught up in, or I don't know what happened. The
13  simple fact is that when faced with the opportunity to get
14  your hands on significant amount of money, while working in
15  an office where there were no adequate internal controls,
16  and while playing the slots, at that crucial time you
17  couldn't keep your hands off somebody else's money.
18          Now, that is the sad fact and tragic flaw that
19  puts you before the Court this after. You do have to live
20  with that. Because when it came down to it you put your
21  hand in the till for money that wasn't yours.
22          Nevertheless, all things considered, and in my
23  mind the fact that you have been, and I do so conclude from
24  the data that's here before me, you've been completely open
25  with respect to all of your misconduct. I do not fault

3

1    you, and I certainly don't fault counsel, for an attempted
2    resolution of this matter that would have kept it out of
3    the courts.  It doesn't make it less criminal, but I, I
4    have it in mind that you tried to make it good.
5           And I also have in mind that what seems to have
6    driven this, I do not fault the United States Attorney,
7    we're dealing with definite crime, but trying to cut
8    through to what really happened, probably none of this
9    would have happened had not Mr. Gordon had his own problems
10   with the Board of Bar Overseers.  I take that into account.
11   And I expressly take into account that you have been
12   completely forthcoming with respect to your own role.
13          Now, let me back up a bit because there's some
14   larger institutional issues much less important to you but
15   important to the proper administration of criminal justice
16   in this court.
17          First, Mr. Pirozzolo, the Court appreciates your
18   candid and comprehensive representations to the Court.  And
19   while the Court is much concerned with the practice of fact
20   bargaining, I do not suggest there was any fact bargaining
21   here.  The Office of the United States Attorney through
22   yourself seems to have been completely open to the
23   probation department with respect to the data.  And when
24   you give me your professional judgment as to what it is
25   that is reasonable to prove, I do not fault you, but I must

4

1   draw my own conclusions.
2          MR. PIROZZOLO: Thank you, your Honor.
3          THE COURT: And I draw my conclusions from the
4   totality of the data presented and I note, and this is a
5   good occasion to note it, the outstanding work of the
6   probation officer in this case and his thorough care to
7   work up a presentence report, an accurate presentence
8   report in this case. And I express my concern that the
9   budget situation that faces the judiciary generally may be
10  such that we are faced with having less adequate
11  presentence reports. And here is a perfect example of why
12  the interests of justice are very well served by the work
13  of the probation office.
14         I do conclude by a fair preponderance of the data
15  before me that there is a special offense characteristic
16  here which warrants and requires that I add eight levels
17  which does take us to 14, take off the two for acceptance
18  of responsibility, gives us an adjusted 12, criminal
19  history category I, which gives us a range of incarceration
20  of from ten to sixteen months.
21         Therefore, I, on my own responsibility, because
22  the data warrants it, depart downward based upon 5K1.16,
23  voluntary disclosure of offense by the offender. Now, I
24  depart downward to the level the government was prepared to
25  recommend anyway, but the analysis to me is very important.

5

```
1     The fact is, and the restitution recommendation confirms
2     it, that it appears that restitution in the recommended
3     amount, with the possible setoff, is the appropriate order
4     here and I make that order.
5            I thank the probation officer.  It would be a
6     travesty if we go to reduced probation reports so that what
7     the parties agree on is driving the sentence.
8            All right, there are special conditions of
9     probation.  They are these.  You're prohibited from
10    possessing a firearm or other dangerous weapon.  You're to
11    pay the balance of the restitution according to a Court
12    ordered repayment schedule.  You're prohibited from
13    incurring new credit charges or opening additional lines of
14    credit.  You're to provide the probation officer access to
15    requested financial information.  The information provided
16    to the probation office may be shared with the Financial
17    Litigation Unit of the United States Attorney's Office.
18           You're to participate in an addictive behavior
19    program as directed by United States Probation Office.
20    You're required to contribute to the costs of services for
21    such treatment.
22           That's the sentence of the Court.  We'll recess.
23           MR. ARABASZ:  Thank you, your Honor.
24           THE CLERK:  All rise.  Court is in recess.
25           (Whereupon the matter concluded.)
```